UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Eugenio Suarez, on behalf of himself and others similarly situated, | : : : | Civil Action No.: 1:21-cv-21677 |
| Plaintiff, | : : | CLASS ACTION COMPLAINT |
| v. | : : : | JURY TRIAL DEMANDED |
| Revco Solutions, Inc., | : : | |
| Defendant. | : : | |

**Nature of Action**

1.  Eugenio Suarez ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Florida consumers whose private, debt-related information Revco Solutions, Inc. ("Defendant") disclosed to an unauthorized third party, in connection with the collection of consumer debts.

2.  Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3.  As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a

significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5. The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6. Thus, the FDCPA broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which applies here.

7. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often communicate with third-party mail vendors in connection with the collection of consumer debts, including by sending personal information regarding consumers' alleged debts to these third parties.

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited April 30, 2021).

8. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9. These third-party mail vendors use information provided by debt collectors—such as a consumer's name and address, the name of a creditor to whom a debt is allegedly owed, the name of the original creditor, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

10. This unnecessary and illegal practice of communicating with third parties in connection with the collection of consumer debts exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11. Upon information and belief, Defendant routinely communicates with and provides, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

12. Plaintiff therefore seeks relief for himself and on behalf of similarly situated Florida consumers to whom Defendant sent debt collection letters that were prepared, printed, or mailed by a third-party mail vendor.

**Parties**

13. Plaintiff is a natural person who at all relevant times resided in Miami-Dade County, Florida.

14. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

---

[2] *See* https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n. 749 (last visited April 29, 2021).

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal medical treatment (the "Debt").

16. Plaintiff disputes that he owes the Debt.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18. Defendant is an entity headquartered in Durham, North Carolina.

19. Defendant receives more than $1 billion in debt collection placements annually.[3]

20. Defendant's website identifies Defendant as a debt collector, and notes: "This is a communication from a debt collector. This is an attempt to collect a debt and any information will be used for that purpose."[4]

21. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

22. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

23. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

---

[3] *See* https://revcosolutions.com/about-revco/about/ (last visited April 30, 2021).

[4] *See* https://revcosolutions.com/ (last visited April 30, 2021).

25. Defendant identified itself as a debt collector in its written communication to Plaintiff.

### Jurisdiction and Venue

26. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

27. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to Plaintiff's claims occurred in this district, and as Defendant caused a debt collection letter to be sent to Plaintiff in this district.

### Factual Allegations

28. On or about April 16, 2021, Defendant caused a written communication to be sent to Plaintiff in connection with the collection of the Debt.

29. A true and correct copy of the April 16, 2021 communication to Plaintiff is attached, in redacted form, as Exhibit A.

30. The April 16, 2021 letter discloses the balance of the Debt. *See* Exhibit A.

31. The April 16, 2021 letter identifies the creditor to whom Defendant alleged the Debt is and was owed. *Id*.

32. The April 16, 2021 letter identifies additional information regarding Plaintiff and the Debt, including the creditor's account number, Defendant's account number, the service date, the number of accounts at issue, and Plaintiff's name and home address. *Id*.

33. At the time of the April 16, 2021 letter, there was no judgment against Plaintiff regarding the Debt.

34. The return address on the April 16, 2021 communication is listed as "PO Box 1280, Oaks, PA 19456-1280." *See* Ex. A.

35. The return address on the April 16 communication is associated with RevSpring, Inc., a third-party mail vendor.

36. RevSpring maintains offices in Oaks, Pennsylvania at the same zip code as that in the return address of the April 16 letter.

37. "RevSpring processes more than one billion communications annually."[5]

38. RevSpring markets itself as having "[s]tate-of-the-art address processing and return mail services…."[6]

39. RevSpring's website notes that over 50% of accounts receivables management organizations use RevSpring.[7]

40. RevSpring describes itself as follows:

> RevSpring is a high-growth technology services organization that provides intelligent communications and payment solutions to over 2,000 of the leading accounts receivables management, credit grantors, healthcare providers, and healthcare technology companies throughout North America. Through its proprietary technology, analytics and workflow tools, RevSpring enables its customers to deliver over one billion personalized financial communications through print, email, SMS, voice and web channels. These communications facilitate accelerated payments through multiple channels, notably web and IVR, to drive valuable consumer/patient interactions. RevSpring's strategy and payment technology significantly improves consumer satisfaction, responsiveness, self-service and cash collection rates to best-in-class levels.[8]

41. Defendant does not have an office in Oaks, Pennsylvania.

---

[5] https://revspringinc.com/healthcare/products/print-mail/production/ (last visited April 30, 2021).

[6] https://revspringinc.com/healthcare/products/print-mail/production/ (last visited April 30, 2021).

[7] https://revspringinc.com/financial-services/ (last visited April 30, 2021).

[8] https://www.creditandcollectionnews.com/viewer.php?url= https://www.creditandcollectionnews.com/uploads/RevSpring%20Expands%20Administrative% 20and%20Technical%20Offices.htm/ (last visited April 30, 2021).

42. Plaintiff did not provide consent to Defendant to communicate or share any information about the Debt with RevSpring.

43. Plaintiff did not provide consent to Defendant to communicate or share any information about the Debt with any third-party mail vendor.

44. Defendant provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, and the amount of the Debt, to RevSpring.

45. Defendant, in connection with the collection of the Debt, provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other private details regarding the Debt, to a third-party mail vendor.

46. Defendant did not print the April 16, 2021 communication sent to Plaintiff.

47. A third-party mail vendor printed the April 16, 2021 communication sent to Plaintiff.

48. A third-party mail vendor mailed the April 16, 2021 communication to Plaintiff.

### Class Action Allegations

49. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) to which Revco Solutions, Inc. sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint through the date of class certification, (e) that was prepared or mailed by a third-party vendor.

50. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

51. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

52. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

53. The class is ascertainable because it is defined by reference to objective criteria.

54. In addition, upon information and belief, the names and addresses of all class members can be identified through business records maintained by Defendant.

55. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the class members.

56. To be sure, Plaintiff's claims and those of the class members originate from the same practice utilized by Defendant—the communication with and sending of personal, private information regarding alleged consumer debts to a third-party mail vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each class member.

57. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the class members and has retained counsel experienced and competent in class action litigation.

58. Plaintiff has no interests that are contrary to or in conflict with the class members that he seeks to represent.

59. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all class members is impracticable.

60. Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation could make it impracticable for the class members to individually redress the wrongs done to them.

61. There will be no unusual difficulty in the management of this action as a class action.

62. Issues of law and fact common to the class members predominate over any questions that may affect only individual class members, in that Defendant has acted on grounds generally applicable to the class.

63. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as Plaintiff alleges;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. whether Defendant's communications with third-party mail vendors in connection with the collection of consumer debts violate the FDCPA;

   d. the availability of declaratory relief;

   e. the availability of actual damages and statutory penalties; and

   f. the availability of attorneys' fees and costs.

64. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)**

65. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 64 above.

66. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

67. By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, and the alleged creditor, with a third-party

mail vendor, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d ----, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

68. The harm Plaintiff suffered is particularized in that Defendant communicated with a third-party vendor regarding his personal Debt.

69. And the violation of Plaintiff's right not to have his private information shared with third parties is a concrete injury sufficient to confer standing.

70. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, *and to invasions of individual privacy.*") (emphasis added).

71. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading his privacy.

72. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about him and the Debt.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiff and the class members statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding the class members actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and the class members their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the class members any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated:  May 3, 2021                                  Respectfully submitted,


                                                */s/ Michael L. Greenwald*
                                                Michael L. Greenwald
Florida Bar No. 761761
James L. Davidson
Florida Bar No. 723371
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Matthew Bavaro
Florida Bar No. 175821
Loan Lawyers
3201 Griffin Road, Suite 100
Ft. Lauderdale, FL 33312
Tel: (954) 523-4357
Matthew@Fight13.com

*Counsel for Plaintiff and the proposed class*

12